[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10704
_____

Agency No. A095-263-189

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2011
JOHN LEY
CLERK

MIGUEL ANGEL MARTINEZ,
ALBA ROSA CADAVID DE M, a.k.a.
Alba Rosa Cadavid-De Martinez

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 12, 2011)

Before MARTIN, FAY and BLACK, Circuit Judges.

PER CURIAM:

Colombian natives and citizens Miguel Martinez and his wife, Alba Rosa Cadavid De M, proceeding *pro se*, appeal the Board of Immigration Appeals' (BIA's) denial of their motion to reconsider a previous BIA order, which in turn affirmed an Immigration Judge's (IJ's) decision finding them ineligible for asylum and denying their application for withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231 and denying relief under the United Nations Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18. "We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007). Our review is limited to determining whether there has been an exercise of administrative discretion and whether the manner in which it was exercised has been arbitrary or capricious. *See Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (explaining the abuse of discretion standard in the context of a motion to reopen).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1103.2(b)(1). A motion to reconsider that merely reiterates arguments previously presented to the BIA does not substitute specifying errors of facts or law as required for a successful motion to reconsider. *Calle*, 504 F.3d at 1329 (citing 8 C.F.R. § 1103.2(b)(1)).

2

Martinez's motion to reconsider failed to identify any errors of fact or law in the BIA's prior decision upholding the IJ's denial of his application. Instead, Martinez merely reargued he was eligible for withholding of removal and extraordinary circumstances excused the untimely filing of his asylum application. Martinez reiterated that the FARC persecuted him because of an imputed political opinion, and that he faced persecution if he returned to Colombia. Martinez previously advanced those arguments before the BIA. Therefore, the BIA's decision to deny Martinez's motion was neither arbitrary nor capricious. Accordingly, we deny Martinez's petition for review.

**PETITION DENIED.**